FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 DEC -5 P 2: 29
CLERK
____ OF ___

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROGER BUCKNER,

    Plaintiff,

v.                         CIVIL ACTION NO.: CV207-120

GLYNN COUNTY DETENTION
CENTER,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently being detained at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that a roach was in his breakfast one morning. Plaintiff contends that after he ate half of the roach, he became sick to his stomach. Plaintiff asserts that this incident has mentally and physically traumatized him. Plaintiff contends that the Detention Center is overcrowded, unsanitary, and unhealthy.

Plaintiff names as a Defendant the Glynn County Detention Center. While local governments qualify as "persons" to whom section 1983 applies, <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978), a county detention center, as a mere arm of such governments, is not generally considered a legal entity subject to suit. Accordingly, Plaintiff cannot state a claim against the Glynn County Detention Center, as the Glynn County Detention Center is merely a vehicle through which the county governs and is not a proper party defendant. See <u>Shelby v.</u>

AO 72A
(Rev. 8/82)

2

City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). Because Plaintiff fails to state a claim against a proper party, his Complaint is due to be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of December, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE